UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL LEE SCARPINATO,

Plaintiff,

v.                                              CAUSE NO. 3:23-CV-121-JD-JEM

JOHN GALIPEAU, et al.,

Defendants.

OPINION AND ORDER

Daniel Lee Scarpinato, a prisoner without counsel, filed a motion for a

preliminary injunction. (ECF 3.) The court understands him to be requesting an order

requiring prison staff to let him go to the law library as he deems it necessary. (*Id.*)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that

should not be granted unless the movant, *by a clear showing*, carries the burden of

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong,

"the applicant need not show that [he] definitely will win the case." *Illinois Republican

Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of

success is not enough." *Id.* at 762. In assessing the merits, the court does not simply

"accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all

reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions, meaning "those requiring an affirmative act by the defendant," are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

This case is still in the very preliminary stages, and Mr. Scarpinato has not yet paid the initial partial filing fee or been granted leave to proceed on any claim. His complaint pertains to the loss of some of his personal property during a move within the prison. He further claims that prison staff prevented him from obtaining a copy of his trust fund ledgers for use in a state tort case he filed to obtain compensation for his lost property, resulting in dismissal of the case. (ECF 1.)

In the present motion, he expresses concerns that prison staff will prevent him from going to the law library so that he can properly litigate this case. Such concerns appear premature. It is evident that he is being given some access to legal materials, as he was able to obtain a complaint form, complete it, and file it with the court last month. He also was able to prepare and file the present motion, as well as a motion for leave to proceed in forma pauperis, which this court granted.[1] He is not under any deadline at present, and as soon as he pays the initial partial filing fee, the case will proceed to screening under 28 U.S.C. § 1915A.

Additionally, the court must afford substantial deference to prison staff on matters that trigger safety and security concerns, including Mr. Scarpinato's movements within the facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Requiring prison officials to give him unfettered access to the law library would contravene this principle. Nor does the Constitution entitle him to unlimited access to the law library; rather, he is entitled to *reasonable* access to legal materials. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). There is no indication at present that prison officials have denied Mr. Scarpinato reasonable access to legal materials so that he can litigate

---

[1] Mr. Scarpinato asserted in his motion to proceed in forma pauperis that he was unable to obtain a copy of his trust fund ledgers despite making reasonable efforts. (ECF 2.) The court did not hold this against him and instead determined the initial partial payment based on his estimate of his monthly income. At this point he only needs to pay the initial partial filing fee, and there is no reason to believe he needs access to legal materials to accomplish this task.

3

this case. If, as the case progresses, he encounters difficulties complying with a deadline due to problems accessing legal materials, he is free to seek an extension of time or to otherwise raise the issue with the court. However, his motion for the extraordinary remedy of a preliminary injunction will be denied at this stage.

For these reasons, the plaintiff's motion (ECF 3) is DENIED.

SO ORDERED on March 2, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT