UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL LEE SCARPINATO,<br><br>  Plaintiff,<br><br>  v.<br><br> JOHN GALIPEAU, et al.,<br><br>  Defendants. | CAUSE NO. 3:23-CV-121-JD-JEM |

OPINION AND ORDER

Daniel Lee Scarpinato, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 4.) Upon review of his responses (ECF 10, 11), the court will proceed to screen the complaint. He is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Mr. Scarpinato is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Scarpinato is incarcerated at Westville Correctional Facility. He alleges that in June 2020, he was moved to the segregation unit, during which time his personal property was packed and stored by prison staff. Upon his release from segregation in September 2020, he discovered that some of his personal items had been lost or damaged, including clothing, shoes, books, and other items. He estimated the loss at approximately $800. He filed informal and formal complaints about his property within the prison, including a tort claim, which was denied. Between June 2021 and August 2021, he made several requests to go to the law library because he wanted to research how to file a small claims suit in state court. Due to various events, he was not able to go. He was given a library pass on June 15, 2021, but his unit was unexpectedly subject to a cell search on that date. When he returned to his cell, he only had 15 minutes remaining on the pass, and he could not locate it among his belongings. He put in another request and received another pass, but on the scheduled date, he was stopped by a correctional officer who told him the walkway to the library was closed. He spoke to another prison staff member and obtained permission to go the library later that evening, but he arrived one minute before the scheduled closing time and the library supervisor, Mrs. Sonnenberg (first name unknown) told him it was too late for him to come in.

Notwithstanding these issues, he was able to bring a small claims lawsuit in LaPorte County seeking compensation for his lost property. In February 2022, the judge

presiding over the case issued an order concluding that he had not shown compliance with the procedural requirements of the Indiana Tort Claims Act ("ITCA"). (ECF 1-1 at 65.) The judge granted him 30 days to file an amended pleading "and/or documents to remedy the aforementioned deficiencies." (*Id.*) Mr. Scarpinato claims he put in additional requests to go to the law library and was given another pass, but when he arrived the doors were locked and no one was working. He claims that he complained to the prison's tort claims officer Mr. Hicks (first name unknown), who allegedly told him Mrs. Sonnenberg had been warned she was "not supposed to leave like that" during hours the library was scheduled to be open.

Mr. Scarpinato claims that as a result of these problems, he was unable to file any additional documents within the 30-day deadline set by the court. He later filed a second lawsuit in LaPorte County over the loss of his personal property.[1] *Scarpinato v. Indiana*, No. 46D01-2204-CT-535 (LaPorte Cir. Ct. filed Apr. 18, 2022). The judge ordered him to submit a copy of his trust fund ledgers so that a determination could be made as to the appropriate filing fee. *Id.* (order dated Apr. 21, 2022). Mr. Scarpinato claims that he submitted requests to go to the law library and for a copy of his ledgers, but Mrs. Sonnenberg never responded. He believes this resulted in the dismissal of his case, although the public docket reflects that his lawsuit remains pending. *Id.* Based on these events, he sues Warden John Galipeau, Mr. Hicks, and Mrs. Sonnenberg seeking monetary damages. (ECF 1 at 11.)

---

[1] The court is permitted to take judicial notice of public court documents at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

3

Mr. Scarpinato seeks compensation for his lost property. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). It is evident from the complaint that he was aware of the fact and cause of his injury when he was released from segregation in September 2020 and discovered his property missing and damaged. His federal complaint was filed on February 13, 2023, well over two years later.[2] Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is evident from the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Assuming for the sake of argument he could overcome the untimeliness problem, he has not stated a plausible due process claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. IVX. However, a state tort claims procedure that provides a method by which a person can seek reimbursement for the loss of property satisfies the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state

---

[2] The court accepts this as the operative filing date because Mr. Scarpinato crossed out the section on the complaint where he is asked to provide the date he placed the complaint in the prison mail. (*See* ECF 1 at 11.) The complaint is not otherwise dated.

4

employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Mr. Scarpinato has a state post-deprivation remedy available, and thus cannot pursue a federal due process claim based on the lost property.[3] *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell). To the extent he is claiming that internal policies were not followed with respect to the handling of his personal belongings, a violation of administrative rules or other state law cannot form the basis for a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

He also alleges that he was denied access to the courts. Prisoners are entitled to meaningful access to the courts under the Fourteenth Amendment, but there is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed."). Thus, to state a claim, the inmate is required to "spell

---

[3] The fact that he has not yet been successful in obtaining payment does not mean the state's post-deprivation remedy is "inadequate." *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996); *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990).

5

out" in at least minimal detail the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Giving him the inferences to which he is entitled, he has plausibly alleged the denial of his right of access to the courts. His complaint reflects that he made repeated requests to go to the law library during 2021 and 2022 but was not given access. Although some of the reasons were simply fortuitous (such as the untimely shakedown of his cell and the closure of a walkway), he alleges that Mrs. Sonnenberg did not staff the library during its scheduled hours and ultimately stopped responding to his requests. His complaint can be read to allege that because of his lack of access to legal materials, he could not draft a proper complaint or adequately respond to the judge's deficiency order, resulting in him losing that case. Although the second case remains pending, it is unclear whether he will be permitted to proceed with a second lawsuit based on the same claim. That question has not been answered, because the case appears to be at a standstill over the filing fee issue. Mr. Scarpinato claims that Mrs. Sonnenberg did not respond to his requests for a library pass or a copy of his ledgers so that he could respond to the judge's order. As a result, the case has not gotten out of the starting gate. At this stage, he has adequately alleged prejudice to a non-frivolous legal claim. He will be permitted to proceed on a claim for damages against Mrs. Sonnenberg for denial of access to the courts.

He also sues Mr. Hicks, the tort claims officer, but his claim against this defendant appears linked to his underlying claim seeking compensation for his property. As outlined above, a claim for the lost property is untimely and does not state

a Fourteenth Amendment violation. He may have also intended to name Mr. Hicks in connection with his access-to-the-courts claim, but there is no indication this individual was responsible for giving Mr. Scarpinato access to the law library or that he otherwise interfered with his ability to prosecute the two state cases. It can also be discerned from his allegations that after June 2022, he no longer saw Mr. Hicks and did not communicate with him further about these issues. He will not be permitted to proceed against Mr. Hicks for denying him access to the courts.

He also names the Warden as a defendant, but liability under 42 U.S.C. § 1983 is based on personal responsibility. The Warden cannot be held liable for damages simply because he oversees operations at the prison, and there is no indication from the complaint the Warden had any personal involvement in these events. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He will not be permitted to proceed on a claim for damages against the Warden.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Mrs. Sonnenberg (first name unknown) in her personal capacity for monetary damages for denying him access to the law library in 2021 and 2022, causing prejudice to his state-law claim for compensation for lost property;

(2) DISMISSES all other claims;

(3) DISMISSES Warden John Galipeau and Mr. Hicks as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Mrs. Sonnenberg (first name unknown) and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Mrs. Sonnenberg to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 6, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT