UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL LEE SCARPINATO,

    Plaintiff,

    v.                          CAUSE NO. 3:23-CV-121-JD

SONNENBERG,

    Defendant.

## OPINION AND ORDER

Daniel Lee Scarpinato, a prisoner without a lawyer, is proceeding in this case against Law Library Supervisor Donya Sonnenberg "in her personal capacity for monetary damages for denying him access to the law library in 2021 and 2022, causing prejudice to his state-law claim for compensation for lost property[.]" ECF 12 at 7. Law Library Supervisor Sonnenberg filed a motion for summary judgment. ECF 53. Scarpinato filed a response, Law Library Supervisor Sonnenberg filed a reply, and Scarpinato filed an authorized sur-reply. ECF 60, 61, 62, 63, 64. Law Library Supervisor Sonnenberg's motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners have a fundamental right to access the courts to pursue non-frivolous legal claims. *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022). An access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed."). Thus, to establish a constitutional deprivation in this context, Scarpinato must show: "(1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation;" and (3) actual injury. *Jones*, 27 F.4th at 1287 (*quoting Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020)). "To establish an 'actual injury,' an inmate must show that an attempt to pursue nonfrivolous litigation was hindered by unjustified acts or conditions caused by the defendants." *Purkey v. Marberry*, 385 F. App'x 575, 578 (7th Cir. 2010); *see also Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002) (defining "actual injury" as "the hindrance of efforts to pursue a nonfrivolous legal claim"). That is, Scarpinato must show inadequate access to legal materials "prevented him from pursuing a nonfrivolous, or potentially meritorious, legal action[.]" *Wilson v. Gaetz*, 700 F. App'x 540, 542 (7th Cir. 2017).

2

Law Library Supervisor Sonnenberg provides evidence showing the following facts: During all relevant times, Law Library Supervisor Sonnenberg served as the Law Library Supervisor at Westville Correctional Facility ("WCF"). ECF 49 at 2. WCF maintains a law library available to inmates upon request, which provides typewriters, computers, scanning equipment, writing utensils, legal forms, paper, and other material for preparing legal documents. ECF 53-17 at 2. To request physical access to the law library during business hours, inmates must submit a "Law Library Request," State Form 19704. *Id.* If an inmate's request for law library access is based on a court deadline, he is given increased priority for scheduling. ECF 53-3 at 2.

On January 4, 2022, Scarpinato filed a "Notice of Tort Claim" in the LaPorte Superior Court against 12 WCF officials claiming they unlawfully confiscated his property in June 2020. ECF 53-5. The case was docketed as *Scarpinato v. Galipeau*, *et al.*, Cause No. 46D03-2202-CT-223 ("*Scarpinato I*"), and assigned to Judge Jeffrey L. Thorne. *Id.* On January 20, 2022, Judge Thorne ordered Scarpinato's claim docketed for review so he could screen the claim and determine whether it may proceed. ECF 53-6; *see also* Ind. Code § 34-58-1-1 (requiring trial courts to docket pro se prisoner claims and take no further action until screened); Ind. Code § 34-58-1-2 (Indiana's screening statute). Pursuant to Indiana's Frivolous Claim Law, Indiana Code § 34-58-1-2(a), a prisoner's claim "may not proceed if the court determines that the claim: (1) is frivolous; (2) is not a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from liability for such relief." On February 25, 2022, Judge Thorne entered a screening order in *Scarpinato I*, which waived the initial filing fee and found

3

that Scarpinato's claim failed to comply with Indiana Code §§ 34-13-3-3, 34-13-3-7, and 34-13-7-1. ECF 53-7. The order gave Scarpinato 30 days to file additional pleadings or documents to cure the deficiencies. *Id*. Scarpinato understood the deficiencies found in the screening order to mean that he must file a brief to accompany his notice of tort claim. ECF 33-1 at 26; *see also* Ind. Code § 34-13-7-1(b) (imposing additional initial filing requirements for tort claims filed by inmates, including the submission of a brief).

On March 10, 2022, Scarpinato submitted a law library pass request based on his upcoming deadline in *Scarpinato I*. ECF 1-1 at 95-96. Scarpinato noted on the request he had a deadline of March 27, 2022, to file a brief. *Id.* In response to this request, Law Library Supervisor Sonnenberg gave Scarpinato a law library pass for March 14, 2022 at 4:00 p.m. *Id.* at 97. However, when Scarpinato arrived at the law library on this date, the library was closed. ECF 13-2 at 8. Scarpinato did not submit any filings in *Scarpinato I* before the March 28, 2022 deadline, or otherwise file a motion seeking an extension of this deadline. *See Scarpinato I* at Chronological Case Summary ("CCS"); ECF 33-1 at 27-28. Because nothing was filed by the March 28, 2022 deadline, *Scarpinato I* was dismissed and administratively closed. *See Scarpinato I* at CCS.

In an envelope with a post mark date of April 8, 2022, Scarpinato mailed a document entitled "Plaintiff's Brief" to the LaPorte Superior Court, intending to comply with the Court's screening order in *Scarpinato I*. ECF 53-8; ECF 33-1 at 26-27. Scarpinato's brief did not have a caption or case number, so it was docketed in the LaPorte Superior Court as a new cause of action on April 18, 2022, under *Scarpinato v. State*, Cause No. 46C01-2204-CT-535 ("Scarpinato II"), and assigned to Judge Thomas J.

4

Alevizos. ECF 53-8; ECF 33-1 at 28. On April 21, 2022, Judge Alevizos ordered Scarpinato to comply with inmate requirements for proceeding as an indigent within 45 days, in accordance with Ind. Code § 33-37-3-3. ECF 53-9. To comply with this order, Scarpinato needed to file with the LaPorte Superior Court: a statement regarding his indigency; an affidavit if he also sought waiver of the initial partial filing fee; and a "certified copy of [his] trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition[.]" Ind. Code § 33-37-3-3(a). In order to obtain these documents to provide to the LaPorte Superior Court, Scarpinato submitted three law library pass requests on May 2, 2022, May 16, 2022, and May 23, 2022. ECF 1-1 at 98-101. On May 25, 2022, a member of WCF staff emailed Law Library Supervisor Sonnenberg asking her to add Scarpinato to the law library list. ECF 45-1 at 13. On June 6, 2022, another member of WCF staff emailed Law library Supervisor Sonnenberg asking her to add Scarpinato to the law library list. *Id.* at 14. Law Library Supervisor Sonnenberg responded to and acknowledged this email. *Id.* at 15. However, there's no evidence Sonnenberg was ever able to attend the law library before his deadline in *Scarpinato II*.

    In an envelope with a post mark date of June 21, 2022, Scarpinato mailed a request for assistance and unsigned affidavit to the *Scarpinato II* court, explaining he'd been prevented from complying with the court's order to provide proof of indigency. ECF 53-9. On July 6, 2022, the *Scarpinato II* court construed Scarpinato's filing as seeking an extension of time to comply with indigency requirements and granted Scarpinato 60 days "to provide the Court with his Official Certificate of Prisoner Account signed by

5

an agent of the Westville Correctional Facility and an account statement for the previous six (6) months before the filing date." ECF 53-10. Scarpinato never received a copy of this order, so he was unaware of his extended deadline. ECF 33-1 at 40.

On August 4, 2023, after Scarpinato learned from this Court's screening order in the instant case that *Scarpinato II* was still open, he filed a motion requesting a status hearing and a certified trust fund account statement in *Scarpinato II*. ECF 53-12; ECF 33-1 at 42-43. On August 4, 2023, Judge Alevizos issued an order partially waiving Scarpinato's filing fees and court costs and instructing Scarpinato to pay the remaining $13.31 within 60 days. ECF 53-13. Scarpinato did not receive a copy of this order. ECF 33-1 at 48-49. Around September 2023, Scarpinato became aware that an order had been entered in *Scarpinato II* by searching the docket in the law library, though he did not know what the order said. *Id.* On April 4, 2024, Judge Alevizos dismissed *Scarpinato II* without prejudice for failure to pay the reduced filing fee of $13.31. ECF 53-14. On May 28, 2024, Scarpinato filed a motion to reconsider the dismissal order, noting he did not receive the court's previous order. ECF 53-14. On May 31, 2024, Judge Alevizos issued an order acknowledging Scarpinato did not receive the prior order. ECF 53-16. Nevertheless, Judge Alevizos dismissed *Scarpinato II* with prejudice for failure to state a claim upon which relief may be granted under Indiana's screening statute, Indiana Code § 34-58-1-2(a)(2), because the brief did not name any defendants with particularity. *Id*. Because neither party disputes these facts, the court accepts them as undisputed.

6

Law Library Supervisor Sonnenberg argues summary judgment is warranted in her favor because Scarpinato cannot show actual injury, as neither *Scarpinato I* nor *Scarpinato II* were dismissed due to his inability to access the law library. Specifically, she argues that (1) *Scarpinato I* was dismissed because Scarpinato did not include a caption or case number on his amended brief, which caused the brief to be filed as a separate lawsuit and assigned to another judge, and (2) *Scarpinato II* was ultimately dismissed for failure to state a claim, which was not connected to his inability to access the law library. ECF 54 at 5-7. In response, Scarpinato argues that both *Scarpinato I* and *Scarpinato II* were dismissed because he was unable to access the law library to correct the deficiencies in his pleadings. ECF 60 at 4-6. Specifically, he argues his inability to access the legal resources in the law library prevented him from understanding the necessary requirements to file a brief and to correct the deficiencies in his filings as outlined by the state courts. *Id.* at 5.

Here, construing the facts in the light most favorable to Scarpinato, a reasonable jury could conclude his inadequate access to legal materials "prevented him from pursuing a nonfrivolous, or potentially meritorious, legal action[.]" *See Wilson*, 700 F. App'x at 542. Specifically, with regard to *Scarpinato I*, it's undisputed Scarpinato was prevented from attending the law library before his March 27, 2022, deadline to file an amended brief. Scarpinato's failure to include a case number or heading on the amended brief can be reasonably attributed to his inability to access legal materials before the deadline. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an inmate can show actual injury by providing evidence "that a complaint he prepared was dismissed for

7

failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known."). For example, the court's dismissal order in *Scarpinato I* instructed Scarpinato to file an amended brief that complied with Indiana Code § 34-13-7-1. If Scarpinato had been permitted to attend the law library and obtain a copy of Indiana Code § 34-13-7-1, he would have learned he needed to submit to the trial court: (1) a copy of his complaint; (2) a list of all cases he previously filed involving the same or similar cause of action; (3) a copy of all relevant documents pertaining to the disposition of each previous case; and (4) a brief. Ind. Code § 34-13-7-1. Thus, with adequate time in the law library, Scarpinato could have submitted a brief that satisfied the requirements of Indiana Code § 34-13-7-1 and did not result in *Scarpinato I* being administratively closed and his brief being docketed as a new lawsuit in *Scarpinato II.* And while it's true that *Scarpinato II* was ultimately dismissed because the brief did not name any defendants with particularity, this inadequacy can likely be attributed to the fact that Scarpinato intended the brief to be filed in *Scarpinato I*, not as a new freestanding lawsuit. A reasonable jury could therefore conclude that, by denying Scarpinato adequate time in the law library and failing to provide him with numerous orders from the LaPorte Superior Court, "official acts

frustrat[ed] the litigation" and caused this otherwise potentially meritorious claim to be dismissed.[1]

Accordingly, because a reasonable jury could conclude Law Library Supervisor Sonnenberg's "official acts" of denying Scarpinato access to the law library frustrated Scarpinato's litigation in *Scarpinato I* and *Scarpinato II* and caused his potentially meritorious claims to be dismissed, summary judgment must be denied in this case.

For these reasons, the court DENIES Law Library Supervisor Sonnenberg's motion for summary judgment (ECF 53).

SO ORDERED on March 5, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Law Library Supervisor Sonnenberg also argues that, even if Scarpinato was denied adequate law library access, he was able to access legal materials via his tablet. ECF 54 at 4. Scarpinato disputes that he had a tablet during the relevant time period. ECF 61 at 4. In her reply, Law Library Supervisor Sonnenberg notes Scarpinato mentioned having a tablet in his deposition. ECF 63 at 1-4. But in his sur-reply, Scarpinato explains that he was referring to having a tablet in the past, and that he did not have a tablet during the time period relevant to this case. ECF 64. There is therefore a disputed material fact regarding whether Scarpinato had access to legal materials via his tablet during the relevant time period.